## H. H. HARDING et al., Appellants, v. THE CITY OF CARTHAGE, Respondent.

### Kansas City Court of Appeals, February 1, 1904.

1. **TRIAL PRACTICE: Injunctions: Statute.** The chapter of Revised Statutes 1899, relating to injunctions does not undertake to regulate the practice for hearing in such cases where there has been no temporary injunction, and the hearing must be governed by the general provisions of the code, and process may be served returnable to a future term, or the defendant may waive service and enter his appearance thereby giving the court jurisdiction of his person.

2. ———: ———: **Filing Answer: Trial.** A petition for injunction was filed during the term of court.  No temporary injunction was asked for.  Process issued returnable to the next term.  During the term the defendant appeared and answered, and asked the court to set the case for trial at that term, which was done, *Held*, the appearance and answer made such term the trial term, and the court could set the case down for hearing during said term.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Thomas & Hackney* and *Howard Gray* for appellants.

(1)   The suit was not for trial at the December term of the court and the court should not have dismissed the same, against the objection of the appellants.

R. S. 1889, sec. 2042; Matingly v. Bosley, 2 Metc. (Ky.) 443; Gray v. Viers, 33 Md. 18; Clapp v. Rauch, 90 Ill. 468; Osgood v. Grant, 62 N. W. (Neb.) 894; Coler v. Lamb (Sup.), 46 N. Y. 117, 19 App. Div. 236; King v. Meyer, 24 S. E. (Ga.) 32; Harris v. Anthony Salt Co., (Kan. Sup.) 45 P. 58.

*McReynolds & Halliburton,* with *H. J. Green,* City Attorney, for respondent.

(1) The only object of a summons is to bring defendant into court, when petition is filed defendant can voluntarily appear and the court will have jurisdiction. Revised Statutes 1899, section 2013; Davison v. Hough, 65 S. W. 371; 165 Mo. 561. (2) The code not being sufficiently comprehensive to embrace every phase a case may assume; resort must be had as a guide to common law and equitable methods of procedure. Tucker v. Ins. Co., 63 Mo. 588; State ex rel. Macklin v. Rombauer, 104 Mo. 619. (3) The court having jurisdiction over the subject-matter and over the parties could hear and determine the matter especially where as in this case, plaintiffs made no showing that they were or could be injured thereby, and the standing of the case to the June term, 1899, would be injurious to defendant or jeopardize its interests. Railroad v. Donovan, 50 S. W. (Mo.) 286; Union Depot Co. v. Frederick, 117 Mo. 138; Hecht v. Feldman, 54 Ill. App. 144; 2 Encyclopedia of Plead. and Pr., p. 605, par. 9, n. 2; Davison v. Hough, 65 S. W. (Mo.) 371. (4) A court has power to control its own process so that it shall not become an instrument of injustice. Bryant v. Talbot, 135 Mo. 422; Brewing Co. v. Talbot, 135 Mo. 170. (5) Though there is no express statutory authority for the action taken by the court in this case, the inherent power of the court, permits such an order

in the circumstances shown in this case.   Brewing Co.
v. Talbot, 135 Mo. 172; State ex rel. Macklin v. Rom-
bauer, 104 Mo. 619; Hamilton v. Whitridge, 69 Amer.
Dec. 187; Brodie v. Fitzgerald, 18 S. W. 632.


BROADDUS, J.—This is a proceeding commenced
by appellants against respondent in the Jasper county
circuit court for the purpose of enjoining and restrain-
ing respondent from issuing certain bonds theretofore
voted by its citizens to construct an electric light plant
and to prevent the erection of such plant.   The petition
was filed December 23, 1898 (while the December term
of court was in session), a summons issued the same day
returnable to the June term, 1899, of the said circuit
court.   No temporary restraining order was asked for
or obtained.   The summons was served December 24,
1898.   On January 3, 1899, defendant entered its ap-
pearance in said cause, filed an answer, and filed a mo-
tion asking the court to set said cause down for trial du-
ring the December term of court, and duly gave appel-
lants notice of the filing of said answer and motion.   And
on January 28, 1899, the court sustained said motion and
set the case down for trial on February 6, 1899.   Ap-
pellants on February 4, 1899, filed their motion to set
aside said order, which motion was by the court over-
ruled.   On February 6, 1899, said cause coming on for
hearing, appellants failed and refused to appear and
prosecute their case, and the court dismissed the case
for failure to prosecute the same.   On the same day ap-
pellants filed their motion to set aside the order setting
the case for trial and to set aside the order overruling
appellant's previous motion to set aside said order, and
to set aside the order dismissing the case for failure to
prosecute the case, which motion was by the court over-
ruled, and appellants appealed to this court.   Appel-
lants have printed the record substantially in full and
the only question in the case is the authority of the cir-

cuit judge to set the case down for trial at the December
term of said court.

The Jasper county circuit court holds four terms a
year commencing on the first Monday in March, June,.
September and December, respectively. The March and
September terms are held in Carthage and the June and
December terms in Joplin. Chapter 84, Revised Stat-
utes 1889, entitled Injunctions, provides the manner of
obtaining injunctions and how they shall be heard and
determined, but it only provides for their hearing in
cases where a temporary injunction has been obtained.
Section 5505 *idem* is as follows: "After the answer is
filed, a motion may be made at any time in term to dis-
solve the injunction, and upon such motion the parties
may introduce testimony to support the petition and an-
swer, and the court shall decide the motion upon the
weight of the testimony without being bound to take the
answer as true." Such injunctions may be granted by
the circuit court or judge in vacation and in certain
cases by the probate court or the judge thereof in vaca-
tion, or by the county court or two judges thereof. Sec-
tions 5548-49.

But the chapter in question does not undertake to
regulate the practice for hearing in cases where there
has been no temporary injunction. It then necessarily
follows that the hearing must be as provided by the gen-
eral provisions of the code. When a petition is filed
either in term or in vacation and no temporary injunc-
tion is asked, the clerk issues process, as in other cases,
returnable to a future term, at which if defendant is
served in time as provided by the code, he is required
to answer and the case stands for trial. Or, the defend-
ant may waive service of process and enter his appear-
ance which will have the effect of giving the court juris-
diction of his person.

Section 2013, Revised Statutes 1889 (now section
566, Revised Statutes 1899) provides how suits may be
instituted, viz.: "By filing a petition and the volun-

tary appearance of the adverse party; or, by the filing of a petition and suing out process thereon.'' It may therefore be conceded that as the object of the process is for the purpose of giving the adverse party notice of the proceedings, that his voluntary appearance amounts to a waiver of process, and the court's jurisdiction is as complete as if the process had been served upon him. It is agreed here that the court had jurisdiction of the subject-matter of the suit, and, as we have seen, had jurisdiction of the parties.    But the contention is, that the court was not authorized to hear the case at the December term, 1899, during which the suit was begun, but that the June term to which process was returnable was the trial term.    Section 2042, Revised Statutes 1889, provides when a defendant served with process shall plead to the petition and when the case shall be triable.    But this section refers solely to cases where the defendant is served with process; that is, where it has obtained jurisdiction of his person by notice.    It has no reference whatever to cases where the defendant has conferred jurisdiction by his entry of appearance.    The section requires service of process to be had for a certain number of days before the beginning of the term.    The object of the statute is to give defendant sufficient time after notice to prepare for trial.    But if he pleads to the petition he waives timely notice.    And it occurs to us that the court is thereby possessed of complete jurisdiction of the case and may or may not proceed with the trial, as the circumstances demand.    We can see no good reason why a court when the pleadings of a case are complete should not proceed to trial if the parties are ready.    The object of the code is to provide for the speedy administration of justice.    Under such circumstances it would be the duty of the court to set a day for trial to enable the parties to make the necessary preparation.    In this case plaintiffs were notified of the filing of defendant's answer and of its motion to have a day fixed for trial.    The plaintiffs appeared on the 28th of

January, the time fixed for the hearing of the motion, which the court sustained and set the case for trial on February 6. . When the day for trial arrived plaintiffs did not appear to urge any objections to a hearing and their case was dismissed for want of prosecution. The only ground urged here against the action of the court is, that the court had no authority to try the case prior to the return term of the writ. But we are of the opinion that defendant's entry of appearance by filing its answer at the December term made such term the trial term. The issues between the parties had been made on the pleadings. Under such conditions there can be no good reason given why the court may not set a case for trial during the term, as well as at any future term. And the plaintiff need not suffer any hardship by reason of the unexpected appearance of the defendant if sufficient time be given him to make his preparation for trial. The code has provided for all such contingencies. See section 2123, idem. The plaintiffs come into court in the first place asking for a hearing and they should not be allowed to complain of the action of defendant who waives all preliminaries and tenders them a speedy trial. They ought at least to be as vigilant as their adversary they have placed on the defensive.

Affirmed. All concur.